OPINION of the Court, by
Ch. J. Boyle.
This was an action upon a bond given by a deputy shrrilT and his securities to the principal sheriff, conditioned that the deputy would faithfully perform the duties of the office, so as to keep his principal indemnified, and pay to his principal the sum of seventy-five dollars, at the expiration of a vear, and the like sum at the expiration of the principal’s term of office.
Upon the plea of conditions performed, the plaintiff had a verdict and judgment iu his favor, to which this writ of error is prosecuted.
I he first question is whether the bond is valid or not f
It is contrary to the principles of natural juftice> that a man’s rights fhould be concluded by a decision before he was cited to appear in his
So far ns the condition of the bond is to pet form th. duties of the office of sheriff, and keep the principal in demnified, there is clearly nothing in it illegal. For as the sheriff may lawfully appoint a deputy, it would be unreasonable not to permit him to take security for his indemnity against any violation of the duties of the office by the deputy. The objection to the validity e the bond, must depend therefore upon the illegality of the condition, so furas it is for the payment of seventy five dollars at the expiration oí a year, and a like sum at the expiration of the sheriif’s.term of office. Ther . can be no doubt that a bond or other agreement fora gross sum of money, as a consideration for the sale or deputation of any office which concerns the administra tion of justice, is illegal and void. But to take advantage of an objection of this sort, the consideration must appear upon the lace of the condition oí trie bend, or beavered in pleading. In this case the consideration is not expressed io tiie bond or condition, nor is it apparent from any pleadings in the cause. For- aught that appears to the court, the money may be due for a valid consideration, and we cannot presume a fact out oí the record, for the pin pose of avoiding the bond, The objection to th; lore be sustained. validity of the bond cannot there-
The second question made by the assignment of erro grows out of a bill of exceptions ; from which it a}, pears that the circuit court decided, that sundry re-cordado! judgments against the shenif, imposing fine for fading to return execution, were sufficient evident to support the action, without shewing that those exe cutious had been delivered to the deputy.
From some of these records it appears that the finí were imposed upon the shenil for the default of hi deputy ; but from others it does not appear tor whos default the fines were imposed.
1'he records of the latter description >r."'t clcarl could not be evidence ol the Ueí. ult <>, U deputj . Fora record is in no cast* evidence o. am to m r wait is not apparent .upon its lace. Rut in Hull' t.i recur: of neither the former nor of die luu.r U^senju on wu evidence against the deputy of his default. So far : - the fact that a judgment had been rendered against the sheriff was material, the record of the judgment wix *455 ; r pcs e\ idence, and no other could be admitted or re-ouired ; but of the truth of the facts upon which the rc-c.-Ih purported the judgment to be predicated, it was init evidence against the deputy. He was no party to th< proceedings, and it would be contrary to the first priuciph-s of natural justice, as well as the fundamental rules of our jurisprudence, that a man’s cause should be decided before he had an opportunity to be heard.
We think therefore the circuit court erred in deciding that the judgments against the sheriff were suffi- < icol to support the action, without shewing that the execution had been in the hands of the deputy.
Judgment reversed with costs, and cause remanded for new proceedings.